UNITED STATES v. RIO GRANDE WESTERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit.   November 19, 1909.)

No. 2,974.

1. RAILROADS (§ 254*)—SAFETY APPLIANCE ACT—ACTIONS FOR PENALTIES—EVIDENCE—CONDITION OF CARS BEFORE ALLEGED VIOLATIONS AND CHARACTER OF REPAIRS MATERIAL.

Evidence of the condition of alleged defective cars when last inspected, 37 miles distant, before they arrived at the station where the defects were discovered and the material slips of the workmen who repaired them, are competent evidence upon the issues in an action to recover penalties under Safety Appliance Act March 2, 1893, c. 196, § 1, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), as amended by Act March 2, 1903, c. 976, § 1, 32 Stat. 943 (U. S. Comp. St. Supp. 1907, p. 886, Supp. 1909, p. 1143).

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*]

2. RAILROADS (§ 229*)—SAFETY APPLIANCE ACT—NECESSARY MOVEMENT OF SINGLE CAR FOR REPAIR NO VIOLATION.

The necessary movement of a defective car alone for the purpose of repair does not subject the carrier to the penalties of the act.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 229.*]

(Syllabus by the Court.)

In Error to the District Court of the United States for the District of Utah.

Action by the United States against the Rio Grande Western Railway Company.   Judgment for defendant, and the United States brings error.   Affirmed.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

Philip J. Doherty (Wade H. Ellis, Asst. Atty. Gen., Hiram E. Booth, U. S. Atty., and Roscoe F. Walter, Sp. Asst. U. S. Atty., on the brief), for the United States.

Waldemar Van Cott (E. M. Allison, Jr., and William D. Riter, on the brief), for defendant in error.

SANBORN, Circuit Judge.   The United States brought an action against the Rio Grande Western Railway Company to recover the penalties for 13 alleged violations of Safety Appliance Act March 2, 1893,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 196, § 1, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), as amended by Act March 2, 1903, c. 976, § 1, 32 Stat. 943 (U. S. Comp. St. Supp. 1907, p. 886, Supp. 1909, p. 1143). The causes of action were separately pleaded in 13 counts, and the jury returned a verdict for the government on 5 and for the defendant on 8 of them.

The witnesses for the government testified that they found the alleged defects in the cars in the yard of the defendant at Ogden. Several of the cars had been hauled from Salt Lake City, 37 miles distant, and some of them were taken over a part of the yard at Ogden, which was used for switching cars and making trains, to certain designated repair tracks, a distance of from 900 to 1,200 feet, and were there repaired. The rulings of the court which admitted the testimony of an' inspector at Salt Lake City to the effect that some of the cars were not defective when they left that station, and the material slips made by the workmen who repaired some of these cars, which set forth the specific repairs made upon them, are specified as errors, on the ground that none of this evidence was material. But the testimony of the inspector at Salt Lake City tended to show that the cars were not defective, and the material slips, verified, as they were, by the oath of the workman who made them, presented permissible evidence of the character of the defects in the cars repaired. These specifications of error cannot be sustained.

Complaint is made that the court charged the jury that if they believed, from the evidence as to any particular count, that the defendant moved the car therein specified, that when it was so moved its coupling apparatus was so defective that it would not couple automatically by impact, or could not be uncoupled without the necessity of a man going between the ends of the cars coupled together, they should find the defendant guilty as to such count, unless the movement and the only movement made was necessary' for the purpose of repairing the defective coupler. If this instruction was correct in its application to the evidence upon the issues involved in the trial of any single count of the petition, it must be sustained.

There was evidence that the inspector for the government found Oregon Short Line Car No. 4582, which was charged in one of the counts to have been defective, upon the icehouse track in the yard of the defendant, that it had one draft timber broken, one spring and two followers gone, one pin chain broken, one end gate gone, two end gate rods gone, that it was impossible to repair it effectually in that yard, and that for this reason it was hauled over onto connecting tracks of the Southern Pacific Railroad Company at Ogden, and was there shopped and repaired. There was no evidence that this car was hauled over to the shop for any other purpose than to have the necessary repairs made upon it, or that its trip to the shop tracks was or could have been used for any other purpose than to secure the making of these necessary repairs.

In this state of the case the charge of the court was warranted by the decision and opinion of this court in Chicago & N. W. Ry. Co. v. United States (C. C. A.) 168 Fed. 236, 21 L. R. A. (N. S.) 690, and the judgment below is affirmed.